STATE OF MAINE *vs.* HENRY BARTLEY.

Somerset.    Opinion August 11, 1909.

*Intoxicating Liquors.  Liquor Nuisance.  Indictment.  Evidence.  Prior*
*Convictions as Common Seller in Another County.  Who may*
*be Charged as Principal.*

1.  Where evidence of an act done by a party is admissible, his declarations made at the time, which tend to qualify, explain or give character to the act, are admissible.

2.  Prior convictions of the defendant, as a common seller of intoxicating liquors, and for maintaining a liquor nuisance, in another place, are not admissible for the purpose of showing the intent with which the defendant kept liquors at the place described in the indictment for a liquor nuisance.

3.  One who aids in maintaining a liquor nuisance, may be charged as a principal.

On exceptions by defendant.    Sustained.

Indictment against the defendant for maintaining a liquor nuisance at Somerset Junction, Somerset County.    Verdict, guilty. The defendant excepted to several rulings made during the trial.

The case is stated in the opinion.

*Leroy R. Folsom*, County Attorney, for the State.

*George W. Gower*, for defendant.

SITTING :   WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

SAVAGE, J.·  This was an indictment against the defendant for maintaining a liquor nuisance at Somerset Junction in the County of Somerset.    During the trial, the result of which was the conviction of the defendant, the State introduced an apparently incriminating letter written by one Williams at the dictation of the defendant.    On the cross-examination of Williams, the defendant sought to draw out from him the reasons for writing the letter, as stated to him by the defendant, in connection with the dictation.    The answer was excluded and an exception was taken.

We think the witness should have been permitted to answer. Where evidence of an act done by a party is admissible, his declarations made at the time, which tend to qualify, explain or give character to the act, are admissible. They are part of the res gestae. *State* v. *Walker*, 77 Maine, 488. The difficulty is not removed by the fact that the defendant was afterwards permitted to testify as to his reasons for writing the letter. The jury might have given more credence to the witness than they apparently did to the defendant himself. And they might have attached more importance to reasons given at the time the letter was written than to reasons given at the trial, while the defendant was under the temptation to escape, if possible, the consequences of a conviction of crime. The exclusion of the evidence was prejudicial to the defendant.

The State was also permitted, against objection, to show prior convictions of the defendant, in Piscataquis county, as a common seller of intoxicating liquors, and for maintaining a liquor nuisance. To this ruling exceptions were taken.

The State offered this evidence avowedly for the purpose of showing the intent with which intoxicating liquors were kept by the defendant at Somerset Junction. The evidence was not admissible for this purpose. The intent with which intoxicating liquors were kept or handled by the defendant in another county or place had no legitimate tendency to show his intention at the place in Somerset Junction described in the indictment. Selling intoxicating liquors, or keeping a liquor nuisance, in one place is not evidence of intent to keep such a nuisance in another place. *State* v. *Hall*, 79 Maine, 501.

It is true that after the evidence of these convictions had been admitted, the defendant became a witness. And then evidence of his prior convictions was admissible to impeach his credibility. And if the jury had been instructed to limit the effect of this evidence solely to the question of credibility, the court would have had to consider the question whether its being prematurely admitted was prejudicial to the defendant. But that question does not arise, for the jury were not so instructed. They were on the contrary

instructed that it was competent for the State to show prior convictions in another county on the question of intent involved here. The evidence was not only inadmissible, but it was likely to be extremely prejudicial.

The defendant also excepted to the overruling of his motion that the jury be instructed to return a verdict of not guilty. This exception must be overruled. In considering exceptions to the overruling of a similar motion, the court, in *State* v. *Cady*, 82 Maine, 426, said :—"When the evidence in support of a criminal prosecution is so defective or so weak that a verdict of guilty based upon it cannot be sustained, the jury should be instructed to return a verdict of not guilty." But an examination of the evidence leads us to conclude that there was sufficient evidence in this case to warrant a jury in finding that the place described in the indictment was a nuisance, and that the defendant, if not the proprietor, aided in maintaining it. If so, he was guilty as charged in the indictment. *State* v. *Sullivan*, 83 Maine, 417.

But the other exceptions, which we have discussed, must be sustained.

*Exceptions sustained.*